Michael D.J. CHENOWETH,
Plaintiff—Appellant,

v.

MAUI CHEMICAL AND PAPER
PRODUCTS, INC., Defendant—
Appellee.

No. 08–17058.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Michael D.J. Chenoweth, Kahului, HI,
pro se.

Elton John Bain, Esquire, Andrew A.
Cheng, Esquire, Ewing M. Martin, Kess-
ner Duca Umebayashi Bain & Matsunaga,
Honolulu, HI, for Defendant–Appellee.

Before: ALARCÓN, TROTT, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Michael D.J. Chenoweth appeals pro se
from the district court's summary judg-

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

ment in his employment action alleging disparate treatment, hostile work environment, constructive discharge, retaliation, and defamation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Fair Hous. Council v. Riverside Two,* 249 F.3d 1132, 1135 (9th Cir.2001), and we affirm.

■ The district court properly granted summary judgment on the disparate treatment claim because Chenoweth failed to raise a triable issue of material fact as to whether the defendant's proffered nondiscriminatory, performance-based reasons for the demotion, pay reduction, and other alleged adverse employment acts were pretextual. *See Warren v. City of Carlsbad,* 58 F.3d 439, 442 (9th Cir.1995).

■ The district court properly granted summary judgment on the ADA claims because Chenoweth testified that he had no actual disability and failed to establish a triable issue as to whether the defendant perceived him as having a disability that substantially limited one or more major life activities. *See* 42 U.S.C. § 12102(1)(C), (3) (the ADA protects those with a disability and those who are regarded as having a disability).

■ The district court properly granted summary judgment on the hostile work environment claim because Chenoweth failed to raise a triable issue concerning whether the alleged pranks, jokes, and name-calling were "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2003); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (stating that the working environment must be both objectively and subjectively offensive, the alleged ha-

rassing conduct must be extreme, and simple teasing, offhand comments, and isolated incidents generally will not amount to discriminatory changes in the "terms and conditions of employment").

The district court also properly determined that because Chenoweth failed to establish a triable issue concerning hostile work environment, his constructive discharge claim necessarily failed. *See Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir.2000) ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for [him] to meet the higher standard of constructive discharge[.]").

Finally, the district court properly granted summary judgment on the defamation and retaliation claims because Chenoweth failed to provide more than conclusory allegations to support these claims. *See Surrell v. Cal. Water Serv.,* 518 F.3d 1097, 1103 (9th Cir.2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment.").

Chenoweth's remaining contentions are unpersuasive.

Chenoweth's pending motions are denied.

**AFFIRMED.**